JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In these consolidated appeals, the State challenges the trial court's decision that dismissed the indictments of defendants-appellees, David Brooks, Sr. and David Brooks, Jr., (collectively referred to as "appellees"), after comparing grand jury proceedings of one panel that no billed the case with the proceedings of a different grand jury panel that issued a true bill and indictments. For the reasons that follow, we reverse and remand for further proceedings.
 {¶ 2} The parties agree on the following procedural facts: The case of David Brooks, Sr. and David Brooks, Jr. was presented to a grand jury panel on August 16, 2007. The case was no billed on or about August 16, 2007. That panel's term elapsed, and the case was represented to a different grand jury panel. The later grand jury true billed the case, and appellees were indicted for aggravated burglary and intimidation.
 {¶ 3} The trial court questioned the indictment of appellees by one grand jury following the no bills issued by a different grand jury panel. The trial judge reviewed in camera the proceedings from each session, which are not included in the record on appeal. Both parties were directed to brief the issue, although the defense was denied access to the grand jury proceedings.
 {¶ 4} The trial judge indicated that the second grand jury heard different, and less, information than the first grand jury heard and was not informed of *Page 4 
the outcome of the first proceedings. On these grounds, the trial court dismissed the indictments, and the State appealed.
 {¶ 5} The sole assignment of error presented for our review is as follows:
 {¶ 6} "I. The trial court erred when it dismissed the indictment in the arraignment room."
 {¶ 7} The defense moved for dismissal asserting that the State had engaged in improper "grand jury shopping." However, it is well settled that "later indictment by the same or another grand jury is not prohibited, even after the return of a `no bill.'" State v. Buxton (Apr. 16, 1999), Montgomery App. No. 17279, citing State ex rel. Smith v. OhioAdult Parole Authority (June 5, 1990), Franklin App. No. 88AP-565 ("[t]he failure of the grand jury to indict does not preclude it or another grand jury from indicting at a later point in time, and this did not place the relator in jeopardy within the meaning of theFifth Amendment of the United States Constitution.")
 {¶ 8} In this case, there is no allegation or contention of any irregularity in the grand jury proceedings. The dismissal of the indictments was based entirely upon the trial judge's interpretation of the amount or quality of information presented to the different grand jury panels. However, "the general rule [is] that a criminal indictment is valid even though it may have been based solely upon hearsay evidence." United States of America v. Barone, Jr. (C.A.6, 1978), 584 F.2d 118. "The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence *Page 5 
considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence * * *.'" Id., quoting United States v.Calandra [1974], 414 U.S. 338, 344-45.
 {¶ 9} Since there is no contention that the indictments were invalid on their face, and the sole basis for dismissal was the adequacy of evidence presented to the grand jury, the State's sole assignment of error is sustained.
 {¶ 10} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellees its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., CONCURS
ANN DYKE, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION *Page 6